UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
----------------------------------------------------------------x
CRITICAL RESPONSE GROUP, INC.

                              Plaintiff,                  No. 22-cv-342

        -against-                         **COMPLAINT**

                                                      **JURY TRIAL DEMANDED**

GEOCOMM, INC.
                              Defendant.
----------------------------------------------------------------x

        Plaintiff Critical Response Group, Inc. ("CRG"), by its attorneys, Alan R. Ostergren PC and Reitler Kailas & Rosenblatt LLP, alleges as follows:

## NATURE OF ACTION

        1.     Plaintiff is engaged in the business of improving communication and collaboration between first responders during critical incidents at unfamiliar locations. Founded in 2013 by decorated Special Operations veterans and public safety experts, Plaintiff creates visual communication tools that combine a gridded overlay with high-resolution overhead imagery to enable all first responders and law enforcement participants at the scene of a critical incident to communicate clearly, accurately and effectively.

        2.     Plaintiff's tools include graphic works generated for specific locations ("CRG Graphics"), including without limitation the CRG Graphics registered in the U.S. Copyright Office under registration number VA0002321013 (the "Registered Graphics") (registration certificate attached as Exhibit 1).

3.     CRG seeks injunctive relief and damages for, *inter alia*, willful copyright infringement by the Defendant, GeoComm, Inc., arising from Defendant's unauthorized preparation, reproduction, and public distribution of graphic works that are copied from and substantially and confusingly similar to protectable elements of the CRG Graphics.

4.     Defendant's activities as alleged herein have continued after Defendant was notified of the infringing nature thereof, including without limitation by means of correspondence from CRG's counsel dated September 20, 2022 (attached as Exhibit 2), and follow-up correspondence dated October 7, 2022 (attached as Exhibit 3), all in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq. (the "Copyright Act").

5.     Plaintiff further seeks injunctive relief and damages for willful infringement of CRG's distinctive, non-functional, unregistered trade dress in the overall appearance of the CRG Graphics ("CRG Trade Dress"), in violation of United States trademark law as codified in 15 U.S.C. § 1051 et seq. (the "Lanham Act").

6.     Plaintiff further seeks injunctive relief and damages for misappropriation of CRG's trade secrets as described herein ("CRG Trade Secrets") and for breach of two written agreements between CRG and Defendant, i.e., a March 1, 2021 Mutual Nondisclosure Agreement (the "MNDA"), attached as Exhibit 4, and a March 13, 2021 Joint Services Licensing Agreement (the "Licensing Agreement") attached as Exhibit 5.

7.     As stated in greater detail below, Defendant, without any authority from the Plaintiff, and in direct competition with Plaintiff, has (A) prepared, reproduced, and distributed one or more graphic works copied from and substantially similar to the CRG Graphics ("Infringing Graphics"), including without limitation the Infringing Graphics

Defendant recently submitted to governmental authorities in connection with a certain public-safety project in the Southern District of Iowa entitled "Critical Incident Mapping (RFP1722282008)"; (B) marketed the unauthorized Infringing Graphics under the CRG Trade Dress, or a confusingly similar imitation of the CRG Trade Dress, thus causing a likelihood of confusion among members of the relevant public; (C) misappropriated the CRG Trade Secrets in violation of federal law; and (D) breached both the MNDA and the Licensing Agreement between CRG and Defendant.

8.     Plaintiff is the owner of copyright in all of the CRG Graphics referenced in this Complaint, including without limitation the Registered Graphics.

9.     Plaintiff is the owner of all rights in the CRG Trade Dress, having never conveyed ownership therein to any other party.

10.     Plaintiff is the owner of all rights in the CRG Trade Secrets, having never conveyed ownership therein to any other party.

11.     Plaintiff seeks legal and equitable relief to remedy and prevent Defendant's willful infringement of the Plaintiff's copyrights, the CRG Trade Dress, the misappropriation of the CRG Trade Secrets, and the breach of the MNDA and the Licensing Agreement.

12.     Plaintiff therefore requests an order: (1) declaring that Defendant's conduct as alleged willfully infringes Plaintiff's copyrights in violation of the Copyright Act; (2) declaring that Defendant's conduct as alleged willfully infringes the CRG Trade Dress in violation of the Lanham Act; (3) declaring that Defendant's conduct as alleged constitutes willful and malicious misappropriation of the CRG Trade Secrets; (4) awarding actual damages and Defendant's profits in an amount to be proved at trial; (5) awarding exemplary

damages as permitted under applicable law; (6) awarding treble damages as permitted under applicable law for willful infringement; (7) granting a preliminary injunction requiring the Defendant to cease and desist from reproducing, distributing, and/or displaying the Infringing Graphics; (8) granting a permanent injunction requiring the Defendant to cease and desist from reproducing, distributing, and/or displaying the Infringing Graphics; (9) awarding the costs of bringing this action, including reasonable attorneys fees, to the extent permitted by applicable law; and (10) such other and further relief as this Court deems just and proper.

## JURY DEMAND

13.     Plaintiff demands trial by jury of all issues so triable.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action under the copyright and trademark laws of the United States, 28 U.S.C. § § 1331 and 1338. This Court has original jurisdiction over this controversy for misappropriation of trade secret claims pursuant to 18 U.S.C. § 1836(c). This Court has supplemental jurisdiction over the controversy for all other claims asserted herein pursuant to 28 U.S.C. § 1367.

15.     Upon information and belief, this Court has personal jurisdiction over the Defendant because Defendant has distributed the Infringing Graphics in the Southern District of Iowa, or has authorized others to do so, has misappropriated Plaintiff's trade secrets in the Southern District of Iowa, and is otherwise regularly transacting business in this State and in the Southern District of Iowa.

16.     Venue is proper in this District under 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(a) because, among other reasons, Defendant is subject to personal jurisdiction in the Southern District of Iowa, Defendant has conducted business in the Southern District of Iowa, and because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Iowa.

## PARTIES

17.     Plaintiff CRG is a New Jersey corporation having a principal place of business at 300 American Metro Blvd., Suite 230, Hamilton, New Jersey 08619.

18.     CRG provides its goods and services nationwide.

19.     Upon information and belief, Defendant GeoComm, Inc. is a Minnesota corporation, having a principal place of business at 601 W. St. Germain Street, Saint Cloud, Minnesota 56301.

20.     Upon information and belief, Defendant is a direct competitor of CRG in the business of improving communication and collaboration between first responders during critical incidents, and provides its goods and services nationwide.

## THE PARTIES' CONTRACTUAL RELATIONSHIP

21.     In or about June 2020, long prior to the commencement of the infringing acts of Defendant described herein, Defendant first contacted CRG at the suggestion of a mutual business contact to discuss certain potential areas of common interest between CRG and Defendant.

22.     In February 2021, a client of CRG's ("Client") introduced principals of CRG to an executive of Defendant and asked that CRG and Defendant work together to

prepare a non-disclosure agreement for a mapping project for which the Client had engaged both CRG and Defendant to perform different services.

23.     On March 1, 2021, CRG provided the MNDA to Defendant for signature. Defendant signed and returned the document that day, after which a principal of CRG emailed Defendant as follows: "Thank you for the executed MNDA. I am looking forward to the discussion. Primary topic that we need to discuss is on the topic of CRG sharing our mapping content with GeoComm and what measures we need to put in place to protect the CRG intellectual property."

24.     Shortly thereafter, on or about March 21, 2021, CRG and Defendant executed the Licensing Agreement.

25.     The Licensing Agreement provides *inter alia* that CRG would provide Defendant with access to CRG's intellectual property, including the CRG Graphics, "solely for the purpose of enhancing services to benefit *clients who contract with CRG* to perform mapping services" (emphasis added), and for purposes of establishing a "common operating picture" in connection with their mutual Client, "and for no other purpose whatsoever."

26.     Moreover, Defendant agreed in Section 5 of the Licensing Agreement that "the imaging, mapping, nomenclature and labeling conventions on CRG's maps comprise protectable trade secrets under applicable law." The License Agreement therefore expressly indicates, and Defendant expressly agreed, that such attributes of the CRG products are trade secrets.

27.     Under Section 5 of the Licensing Agreement, Defendant further agreed not to "modify, reuse, disassemble, decompile, reverse engineer the CRG Platform *or maps or images obtained therefrom*" (emphasis added).

28.     In the MNDA, Section 6 provides that "[n]either party shall make, have made, use or sell for *any purpose* any product or other item using, incorporating, *or derived from* any Confidential Information of the other party" (emphasis added).  "Confidential Information" under the MNDA includes CRG's "iconography," "content," "gridding techniques," and "nomenclature."

29.     For more than one year after the parties executed the MNDA and the Licensing Agreement, CRG provided Confidential Information to Defendant as requested by their mutual Client.

30.     During this period, Defendant frequently pressed CRG for additional data and graphics beyond those initially provided by CRG.

31.      CRG often complied with Defendant's requests in the interest of serving the parties' mutual Client.

32.     During a video call with Defendant in or about September 2021, CRG began to suspect that Defendant was not being truthful with CRG about the uses Defendant was making of CRG's Confidential Information.

## THE IOWA PROJECT

33.     On or about June 20, 2022 the Iowa Department of Administrative Services, acting on behalf of the Iowa Department of Education, posted a request for proposals ("RFP") to provide critical incident mapping for the State of Iowa entitled "Critical Incident Mapping (RFP1722282008)" (the "Iowa Project").

34.     CRG participated in a competitive bidding process regarding the Iowa Project.

35.     Defendant also participated in the competitive bidding process regarding the Iowa Project.

36.     On or about August 11, 2022, Defendant's proposal was selected as the winning bid for the Iowa Project, because it purported to provide a lower-cost solution than CRG's.

37.     Using proper channels, CRG obtained a copy of Defendant's proposal on or about August 15, 2022.

38.     CRG observed that one or more graphics included with the Defendant's proposal, including without limitation Figure 8 of that proposal (attached as Exhibit 6 hereto), which purported to show that Defendant met a mandatory requirement of the RFP, bore numerous striking and substantial similarities to the copyrightable authorship included in the Registered Graphics and the other CRG Graphics that CRG had previously provided to Defendant under the MNDA and the Licensing Agreement.

39.     On or about August 15, 2022, CRG initiated an appeal of the outcome of the bidding process for the Iowa Project.

40.     That appeal has not been resolved as of the commencement of this action.

## THE REGISTERED GRAPHICS

41.     The Registered Graphics are original works of authorship.

42.     The Registered Graphics have been fixed in a tangible medium of expression.

43.     The Registered Graphics contain substantial amounts of material created by the Plaintiff's own artistic judgment and creativity.

44.     The Registered Graphics are copyrightable subject matter under the laws of the United States.

45.     The registration of the Registered Graphics with the U.S. Copyright Office within five years of the initial publication of such works gives rise to a statutory presumption of the validity of the copyrights in such works and of all facts stated in the registration certificate.

46.     The use of the Registered Graphics by Defendant as alleged herein has never been authorized by Plaintiff.

## DEFENDANT'S COPYRIGHT INFRINGEMENT

47.     Upon information and belief, Defendant had a reasonable opportunity to view the Registered Graphics prior to the making of the Infringing Graphics, because Plaintiff provided the Registered Graphics to Defendant in early 2021, in connection with and subject to the terms of the MNDA and the Licensing Agreement.

48.     Upon information and belief, not later than July 15, 2022, the Infringing Graphics were prepared by Defendant and distributed by Defendant to one or more persons in connection with Defendant's submission of a proposal in the Iowa Project.

49.     The Infringing Graphics are copied from and substantially similar to the protectable authorship of the Registered Graphics.

50.     Upon information and belief, the Infringing Graphics are very different in appearance from any prior graphics created by Defendant.

51.     Promptly after becoming aware of Defendant's unauthorized use of the Registered Graphics in the Infringing Graphics, CRG and its counsel contacted Defendant,

see Exhibit 2 and Exhibit 3 hereto, and advised Defendant that the use of any original, protected elements of the CRG Graphics in the Infringing Graphics was unauthorized.

52.     Plaintiff has suffered, and continues to suffer, from the infringing activities of Defendant.

## DEFENDANT'S UNFAIR COMPETITION AND TRADE DRESS INFRINGEMENT

53.     Since 2016, CRG has sold the CRG Graphics, including without limitation the Registered Graphics, which are of a distinctive, nonfunctional overall appearance that encompasses, *inter alia*, imaging, mapping, nomenclature and labeling conventions created by CRG  (collectively, "Trade Dress").

54.     Long prior to the acts of Defendant complained of herein, and continuing to the present, the CRG Graphics have featured a consistent Trade Dress as identified herein.

55.     The Trade Dress encompasses the total overall appearance the CRG Graphics, comprising a combination of imaging, mapping, nomenclature and labeling conventions.

56.     The Trade Dress, viewed in its entirety, creates a distinctive overall visual impression that is uniquely associated with CRG and serves as a source identifier for the CRG Graphics.

57.     The Trade Dress is distinctive, because it is unlike the appearance of numerous other competing graphics, including the graphics produced by Defendant prior to the Iowa Project.

58.     The Trade Dress of the CRG Graphics is non-functional, because the specific appearance of the CRG Graphics does not confer a significant, non-reputational advantage over alternative designs for competing graphics.

59.      CRG has developed and promoted the Trade Dress at considerable expense, making a significant investment in developing and promoting an overall look for the CRG Graphics that is distinctive and immediately recognized by members of the relevant public as an indicator that CRG is the source of the CRG Graphics.

60.     To date, CRG's sales of the CRG Graphics have been highly successful, and the CRG Graphics have been promoted nationwide, including without limitation in the Southern District of Iowa.

61.     The Trade Dress has become widely known in the relevant market for critical incident response planning by reason of CRG's years of extensive sales and promotion of the CRG Graphics and the recognition the CRG Graphics have received in multiple states.

62.     As a result of CRG's efforts in developing and promoting the Trade Dress and the CRG Graphics, relevant consumers have come to associate and identify the Graphics as products of high quality that originate from a single source with a reputation for quality, namely CRG.

63.     Upon information and belief, beginning in approximately June 2022, after the CRG Graphics had become widely recognized in the relevant marketplace and after CRG had provided Defendant with access to the CRG Graphics and other Confidential Information under the MNDA the Licensing Agreement, Defendant developed the Infringing

Graphics that are inconsistent with the appearance of Defendant's prior graphics but instead closely mimic the CRG Trade Dress.

64. Since beginning to create the Infringing Graphics, Defendant has submitted them in its competitive bid against CRG for the Iowa Project.

## DEFENDANT'S INFRINGEMENTS WILL CAUSE HARM TO PLAINTIFF

65. The confusingly similar appearance of the Defendant's Infringing Graphics have caused and will cause an irreparable loss of reputation and goodwill to CRG because customers will falsely ascribe the poor quality of the Infringing Graphics to CRG, or cease to distinguish between CRG's genuine CRG Graphics and the confusingly similar series of Infringing Graphics marketed by Defendant.

66. Upon information and belief, Defendant copied the distinctive Trade Dress of CRG's Graphics in order to create a likelihood of confusion between the Infringing Graphics and CRG's superior graphics.

67. Upon information and belief, prior to the significant success of the CRG Graphics, Defendant had never previously marketed any critical incident response graphics that were substantially or confusingly similar to the CRG Graphics.

68. Upon information and belief, prior to the significant success of the CRG Graphics, no other person or entity had ever previously marketed any graphics that were substantially or confusingly similar to the CRG Graphics.

69. Since Defendant has been put on notice of Plaintiff's objections to the Infringing Graphics, Defendant has continued to market the Infringing Graphics.

70. Defendant's use of CRG's Trade Dress was undertaken, and has continued, without the consent of CRG.

71.   Defendant has copied and continues to copy CRG's Trade Dress in association with a directly competing product, namely critical incident mapping graphics, and it has specifically targeted the same channels of trade and customer base as does CRG.

72.   Defendant and CRG are direct competitors.

73.   Defendant's use of CRG's Trade Dress in its Infringing Graphics, or in advertising or promotion for the Infringing Graphics, misrepresents the nature, characteristics, and quality of the Infringing Graphics, because said misrepresentation creates a likelihood that the public would associate Infringing Graphics with the CRG Graphics.

74.   Upon information and belief, Defendant's infringement of CRG's Trade Dress is and has been done in bad faith, knowingly and willfully and with the intent to confuse the relevant purchasing public, to trade upon CRG's goodwill, and to dilute the distinctiveness of the Trade Dress.

75.   Upon information and belief, Defendant's Infringing Graphics will tarnish CRG's Trade Dress in the minds of relevant purchasers because they are of inferior quality relative to the CRG Graphics.

76.   Defendant's use of CRG's Trade Dress constitutes passing off, namely, false representations and false advertising in violation of §43(a) of the Lanham Act.

## **DEFENDANT'S MISAPPROPRIATION OF TRADE SECRETS**

77.   CRG has spent nearly 7 years and invested significant resources to develop its CRG Graphics, including by developing and employing proprietary, confidential, and trade secret technology, techniques and designs not generally known to CRG's competitors or the public ("Trade Secrets").

78.     CRG has taken extensive measures to protect the Trade Secrets it disclosed to Defendant under the strict protections of the MNDA and the Licensing Agreement.

79.     For example, CRG requires its employees, contractors, and consultants to agree in writing to protect any Trade Secrets of CRG, and for employees to assign all ownership rights to technologies they work on or develop during their employment with CRG, pursuant to a Proprietary Information and Competitive Activities Agreement.

80.     CRG also protects its Trade Secrets by, *inter alia*, limiting disclosure thereof to employees having a need to know such Trade Secrets, and by employing security measures to prevent unauthorized access to the physical facilities and digital platforms in which the Trade Secrets are stored.

81.     With respect to Defendant, as set forth above, in early 2021 CRG and Defendant executed the MNDA, which provided at Section 6 that "[n]either party shall make, have made, use or sell for *any purpose* any product or other item using, incorporating, *or derived from* any Confidential Information of the other party" (emphasis added).   "Confidential Information" under the MNDA includes CRG's "iconography," "content," "gridding techniques," and "nomenclature."

82.     Defendant further acknowledged in Section 5 of the Licensing Agreement that "the imaging, mapping, nomenclature and labeling conventions on CRG's maps comprise protectable trade secrets under applicable law."

83.     CRG has spent thousands of hours to develop the CRG Trade Secrets. The unique knowledge and the conclusions drawn from the data gathered by CRG's principals in their years of collective military and public safety experience with critical

incident response mapping offers valuable competitive advantages in the field in which CRG and Defendant compete directly.

84. Pursuant to the MNDA and the Licensing Agreement, Defendant agreed to maintain the confidentiality of CRG's Confidential Information; it has willfully and maliciously failed to do so.

85. CRG has expended significant amounts of time, effort, and money to ensure that CRG's proprietary information was not, and is not, disclosed or otherwise made publicly available, and to preserve and maintain the confidentiality of its trade secret information.

86. CRG's confidential and trade secret information derives significant independent economic value, whether actual and/or potential, from not being generally known to the public or competitors, or to other persons who can obtain economic value from their use or disclosure. CRG also derives substantial business advantage and significant economic benefit from maintaining the ownership and confidentiality of confidential and trade secret information.

87. If this information, which CRG has maintained as confidential or trade secrets, were disclosed to competitors and/or to the public, such disclosure would cause severe economic harm and competitive disadvantage to CRG, as exemplified by Defendant's misappropriation of the CRG Trade Secrets in connection with its bid in the Iowa Project, to the direct competitive disadvantage of CRG.

## COUNT I
## (COPYRIGHT INFRINGEMENT Pursuant to 17 U.S.C. § 101 *et seq.*)

88.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 87 as if set forth fully herein.

89.     Defendant's unauthorized copying of Plaintiff's Registered Graphics in the Infringing Graphics, and Defendant's preparation of unauthorized derivative works and subsequent reproduction and public distribution of the Infringing Graphics, are infringements of Plaintiff's copyright in the Registered Graphics in violation of the Copyright Act, 17 U.S.C. § 106.

90.     As a direct and proximate result of the foregoing acts of the Defendant, the Plaintiff has been damaged in an amount to be proved at trial.

91.     CRG hereby alleges that Defendant's aforesaid conduct has infringed and will continue to infringe CRG's valuable rights in the Registered Graphics unless enjoined by this Court.

92.     CRG has no adequate remedy at law.

## COUNT II
## (TRADE DRESS INFRINGEMENT, Pursuant to 15 U.S.C. § 1051 et seq.)

93.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 92 as if set forth fully herein.

94.     CRG hereby alleges that Defendant's aforesaid conduct has infringed and will continue to infringe CRG's valuable rights in the Trade Dress unless enjoined by this Court.

95.     As a direct and proximate result of the foregoing acts of the Defendant, the Plaintiff has been damaged in an amount to be proved at trial.

96.     CRG has no adequate remedy at law.

### COUNT III
### (Misappropriation of Trade Secrets Pursuant to 18 U.S.C. § 1836(b))

97.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 96 as if set forth fully herein.

98.     CRG's Confidential Information includes trade secrets and/or other proprietary information that derives independent economic value from not being known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

99.     CRG's confidential and trade secret information has been and continues to be the subject of CRG's reasonable measures to keep such information secret.

100.    Defendant misappropriated such confidential and trade secret information of CRG in connection with its submission to a competitive bid for the Iowa Project.

101.    As a result of Defendant's misappropriation, CRG has been and continues to be damaged and irreparably injured, including without limitation, by the loss of sales and profits it would have earned but for Defendant's actions, and damage to CRG's reputation among potential and existing customers, business partners, investors, and in the industry in general.

102.    Defendant's misappropriation is willful and malicious and thereby entitles CRG to an award of exemplary damages.

103.    Defendant's misappropriation of CRG's confidential and trade secret information has caused and will continue to cause CRG irreparable and substantial injury and therefore cannot be fully redressed through damages alone. An injunction prohibiting Defendant from further use or disclosure of CRG's confidential and trade secret information is necessary to provide CRG with complete relief.

## COUNT IV
## (Breach of Written Agreement – MDNA)

104.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 103 as if set forth fully herein. CRG repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

105.    CRG has performed all of its contractual obligations under the MNDA to the extent not excused.

106.    Defendant has breached its contractual obligations to CRG under the MNDA by, inter alia, failing to adhere to the express confidentiality provisions it contained.

107.    As a direct and proximate result of Defendant's breaches of contract, CRG has been and continues to be damaged and irreparably injured, including without limitation, by the loss of sales and profits it would have earned but for Defendant's actions, and damage to CRG's reputation among potential and existing customers, business partners, investors, and in the industry in general.

108.    As specified in the MNDA, at paragraph 8, and agreed to and acknowledged by the parties, any actual or threatened breach of such agreement "will cause" CRG to suffer "irreparable damage" and therefore CRG "shall be entitled to seek injunctive relief under this [MNDA]."

## COUNT V
## (Breach of Written Agreement – Licensing Agreement)

109.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 108 as if set forth fully herein.

110.    CRG has performed all of its contractual obligations under the Licensing Agreement to the extent not excused.

111.    Defendant has breached its contractual obligations to CRG under the Licensing Agreement by, inter alia, failing to adhere to the express confidentiality provisions it contained.

112.    As a direct and proximate result of Defendant's breaches of contract, CRG has been and continues to be damaged and irreparably injured, including without limitation, by the loss of sales and profits it would have earned but for Defendant's actions, and damage to CRG's reputation among potential and existing customers, business partners, investors, and in the industry in general.

113.    As specified in the Licensing Agreement, at paragraph 5, and agreed to and acknowledged by the parties, any actual or threatened breach of such agreement will cause CRG to suffer irreparable harm and loss of business, and therefore CRG "shall be entitled to obtain the issuance of an injunction to prohibit any such actual or threatened breach by [Defendant] or its agents."

WHEREFORE, CRG requests the following relief:

A.    Actual damages and Defendant's profits in an amount to be proved at trial;

B.    Exemplary damages as permitted under applicable law;

C.     Treble damages as permitted under applicable law for willful infringement;

D.     A preliminary injunction requiring the Defendant to cease and desist from reproducing, distributing, and/or displaying the Infringing Graphics;

E.     A permanent injunction requiring the Defendant to cease and desist from reproducing, distributing, and/or displaying the Infringing Graphics;

F.     An award of the costs of bringing this action, including reasonable attorneys fees, to the extent permitted by applicable law.

G.     Such other and further relief as this Court deems just and proper.


Dated: Des Moines, Iowa
         October 10, 2022

                                   Respectfully submitted,

                                   s/ Alan R. Ostergren
                                   Alan R. Ostergren
                                   Alan R. Ostergren PC
                                   500 Locust St., Suite 199
                                   Des Moines, IA 50309
                                   (515) 207-0314
                                   alan.ostergren@ostergrenlaw.com

                                   REITLER KAILAS & ROSENBLATT LLP
                                   Robert W. Clarida (pro hac vice admission forthcoming)
                                   885 Third Avenue
                                   20th Floor
                                   New York, NY 10022
                                   Phone: (212) 209-3044
                                   Fax: (212) 371-5500
                                   Email: rclarida@reitlerlaw.com

                                   *Attorneys for Plaintiff Critical Response Group, Inc.*